# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Case No. SACV 02-0902 CJC (ANx)                                              Date: November 10, 2003

Title: <u>DIGITAL THEATER SYSTEMS, INC. v. MINTEK DIGITAL, INC.</u>

ENTER ON ICMS
NOV 1 3 2003

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

<u>Debra Beard</u>                                              <u>N/A</u>
Deputy Clerk                                                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:         ATTORNEYS PRESENT FOR DEFENDANT:

N/A                                                                  N/A

**PROCEEDINGS: ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** [filed 9/15/03]

     Defendant Mintek Digital, Inc.'s ("Mintek") motion for summary judgment on the issues of trademark infringement, trademark dilution, and statutory and common law unfair competition is denied. Pursuant to Federal Rules of Civil Procedure Rule 56(c), summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the non-moving party. A dispute is material only if it could affect the outcome of the suit under governing law. Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. When evaluating a summary judgment motion, courts are required to resolve all ambiguities and draw all reasonable inferences against the moving party.

     In the case at hand, genuine issues of material fact remain as to whether the DVD players sold by Mintek are genuine. Genuineness refers to a trademark owner's ability to control the quality of goods manufactured and sold using its trademark. Once a trademark owner sells his product, the buyer ordinarily may resell the product under the original mark without incurring trademark liability. This is because consumer confusion does not exist when a genuine article bearing a true mark is sold. But, when goods manufactured by agreement with the trademark holder are distributed without the holder's authorization and quality control approval, they are not considered genuine. This is because the holder of a trademark is entitled to require that no merchandise be distributed without it first being inspected and approved by the holder. There is a clear dispute between Mintek and plaintiff Digital Theater Systems, Inc. ("DTS") regarding whether the DVD players sold by Mintek

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No. SACV 02-0902 CJC (ANx)  Date: November 10, 2003

contain genuine DTS technology. While Mintek has provided the declarations of its CEO and the assertions of its attorney that the products are genuine, these alone are not sufficient for a grant of summary judgment. For example, Mintek has not established that its DVD players were purchased from Changzho Shinco Digital Technology Inc. ("Shinco"), the licensee of DTS until September 2000, or that the specific DVD players sold by Mintek containing the DTS trademark were those subjected to DTS' quality control.

The Court also rejects Mintek's reliance on nominative fair use as a defense to trademark infringement. As clearly laid out by the Ninth Circuit, the requirements for application of nominative fair use are: (1) the product or service in question is not readily identifiable without use of the trademark; (2) only so much of the mark is used as reasonably necessary to identify the product or service; and (3) the user is not doing anything that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder. All three elements must be satisfied for the defense to apply. Mintek fails to satisfy the first requirement because it can identify the technology utilized in its DVD players without referring to the DTS trademark. A description of the sound technology used would sufficiently describe the feature to the public. Similarly, the second requirement for a nominative fair use defense is not satisfied because Mintek is not utilizing only so much of the mark as is reasonably necessary. Rather, Mintek is using the DTS stylized and distinctive logo and style of DTS' trademark. Finally, the third requirement for nominative use is not met because Mintek is using DTS' mark in a manner that suggests DTS is sponsoring and endorsing Mintek's product.

In its motion, Mintek also asserts it is entitled to summary judgment on DTS' federal and state law dilution claims. California state and federal dilution are subject to the same analysis. The elements of dilution are: (1) the mark is famous; (2) the defendant is making a commercial use of the mark; (3) defendant's use began after the mark became famous; and (4) defendant's use of the mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services. There is no credible dispute that the first three elements are satisfied. As to the fourth element, the issue of genuineness discussed above comes into play. If the Mintek DVD players do not indeed contain genuine DTS technology, then the use of the DTS mark does dilute the quality of the trademark. If the DVD players marked with DTS do not satisfy the quality control measures established by DTS, then the capacity of the trademark to identify and distinguish DTS products from other products is tarnished. Therefore, genuine issues of material fact exist as to the dilution claims.

Mintek's arguments for summary judgment of the unfair competition claims are premised

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SACV 02-0902 CJC (ANx)             Date: November 10, 2003

on its trademark infringement contentions. Because the trademark infringement claims do not fail, the unfair competition claims do not fail.

P.A.

MINUTES FORM 11
CIVIL-GEN                                                                             Initials of Deputy Clerk