1  RONALD S. ROSEN (SBN 028419)
   JEFFREY ROSENFELD (SBN 221625)
2  TROY & GOULD
3  Professional Corporation
   1801 Century Park East, 16th Floor
4  Los Angeles, California 90067-2367
   Telephone:  310-553-4441
5  Facsimile:   310-201-4746

6  Attorneys for Plaintiff
7  Digital Theater Systems, Inc

8

9

10

11

12

13

14  DIGITAL THEATER SYSTEMS,
    INC., a Delaware corporation,
15
                 Plaintiff,
16
         v.
17
    MINTEK DIGITAL, INC., a California
18  corporation,
19                 Defendant.

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Case No.  SA CV-02-902 CJC (ANx)

[PROPOSED] ORDER GRANTING
DIGITAL THEATER SYSTEMS,
INC.'S MOTION FOR SUMMARY
JUDGMENT ON MINTEK DIGITAL
INC.'S COUNTERCLAIM;
FINDINGS OF UNDISPUTED
FACTS; CONCLUSIONS OF LAW

DATE:   November 10, 2003
TIME:    1:30 p.m.
PLACE: Courtroom 9B (Santa Ana)

Judge:  Hon. Cormac J. Carney

Complaint filed: September 30, 2002
Trial Date: March 2, 2004

ENTER ON ICMS

NOV 1 8 2003

80

ORDER GRANTING DTS'S MOTION FOR SUMMARY JUDGMENT ON MDI'S COUNTERCLAIM

FILED
CLERK. U.S. DISTRICT COURT

NOV 17 2003

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

LODGED

NOV 14 2003

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
DEPUTY

**[~~PROPOSED~~]**

**ORDER**

**I.**

**INTRODUCTION**

Digital Theater Systems, Inc.s (DTS) motion for summary judgment on Mintek Digital Inc.s ("MDI") counterclaim for unfair competition under the Lanham Act is granted.  MDI's counterclaim was based on statements purportedly made by DTS's counsel to counsel for MDI's customers in connection with properly issued subpoenas in this case.  The only disputed fact presented by the parties is the claim by MDI's counsel that DTSs counsel purportedly told counsel for some of MDIs customers that a default judgment had been entered against MDI, when MDI had suffered only the entry of default.  DTS's counsel disputes this allegation, and testifies that he properly told MDI's customers that the Court had entered MDI's default, and not a default judgment.

Assuming, *arguendo*, that DTS's counsel did tell counsel for MDI's customers that a default judgment had been entered against MDI, such statements would not be actionable under the Lanham Act because the communications between DTSs counsel and counsel for MDIs customers were undertaken in connection with properly issued subpoenas and are not commercial advertising or promotion as is required to state a claim for unfair competition under the Lanham Act.

**II.**

**FINDINGS OF UNDISPUTED FACTS**

1.      DTS is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Agoura Hills, California.

2.      DTS is the owner of various trademarks including, US Trademark 2240960 issued April20, 1999 and US Trademark 2407883 issued November 28,

1  2000, which both identify DVD players" as goods as to which the trademarks are
2  to be used.

3      3.      Defendant and counterclaimant Mintek Digital, Inc. (MDI") is a
4  corporation organized and existing under the laws of the State of California with
5  its principal place of business in Anaheim, California.

6      4.      MDI imports and sells to various retailers consumer electronics,
7  including, but not limited to, DVD players.

8      5.      On September 30, 2002 DTS filed its complaint in this action alleging
9  various federal and state claims for relief, including, but not limited to, claims for
10 relief under 15 U.S.C. sections 1125 and 1114 averring that MDI was infringing
11 DTS's trademark rights by MDI's use of DTS's trademarks on MDI DVD players.

12     6.      On February 24, 2003, MDIs counsel failed to appear at the
13 Scheduling Conference previously set by the district court.  On February 27, 2003,
14 the district court entered MDI's default due to its failure to appear at the
15 Scheduling Conference.  Minute Order dated February 24, 2003 and entered
16 February 27, 2003.

17     7.      Thereafter, the district court entered its order pursuant to MDI's
18 motion to set aside default, whereby the default would be set aside if MDI paid
19 certain monetary sanctions (later set at $23,396.50) to DTS and filed its answer on
20 or before May 19, 2003.  Minute Order dated April 28, 2003 and entered May 1,
21 2003.  MDI met the conditions set forth in the order.

22     8.      Between March 18, 2003 and May 2, 2003, DTS's counsel issued ten
23 subpoenas to retailers MDI had previously identified as its customers.

### III.

### CONCLUSIONS OF LAW

26     1.      This court has jurisdiction of the claims set forth in both DTS's
27 complaint and MDI's counterclaim under 15 U.S.C. sections 1116 and 1121 and
28 28 U.S.C. sections 1331, 1338(a), 1338(b), and 1367.

2.     The entry of summary judgment is required "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323, 106 S.Ct. 2548, 2552, 91 L.Ed. 2d 265 (1986).

3.     "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable ... or is not significantly probative ..., summary judgment may be granted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250, 106 S.Ct. 2505, 2511, 91 L.Ed. 2d 202 (1986).  Moreover, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Id. at 247-248 (emphasis in the original).

4.     Based on the authority proffered by MDI in support of its claim, "[i]n order to establish a prima facie case for damages as a result of unfair competition/false advertising under the Lanham Act," MDI must allege that DTS: "(1) made false representations, (2) for goods, (3) in interstate commerce, (4) in commercial advertising or promotion, (5) about a facet of [MDI's] product, (6) that caused damage to [MDI]."  Spotless Enterprises, Inc. v. Carlisle Plastics, Inc., 56 F.Supp. 2d 274, 277 (E.D.N.Y. 1999).

5.     In the Ninth Circuit, there are four criteria for determining whether representations constitute "commercial advertising or promotion" under the Lanham Act.  Those criteria are "(1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services; and (4) the representations must be disseminated sufficiently to the relevant purchasing public to constitute

1  advertising or promotion within that industry." <u>Coastal Abstract Service v. First</u>

2  <u>American Title</u>, 173 F.3d 725, 735 (9th Cir. 1999).

3        6.    Here, it is clear that the communications between DTS's counsel and

4  MDI's purported customers are not commercial advertising or promotion.  The

5  communications were undertaken in connection with properly issued subpoenas

6  seeking  information from third party retailers.

7        7.    Further, it is clear that the communications were not intended to

8  influence the retailers to buy DTS's goods or services because, once again, the

9  communications were in connection with legitimate discovery in this litigation,

10  not in connection with any sales efforts by DTS.

11        8.    As a matter of law, there is no triable issue of any material fact on

12  MDI's averred Lanham Act claim, as a result of which DTS is entitled to summary

13  judgment on MDI's entire counterclaim.

14            **IV.**

15      **ORDER GRANTING SUMMARY JUDGMENT**

16      MDI's counterclaim for unfair competition under the Lanham Act fails

17  because even if the purported statements were made, they were not commercial

18  advertising or promotion.  It is therefore ordered that DTS's motion for summary

19  judgment on MDI's counterclaim is GRANTED in its entirety.

20  DATED: _November 17_, 2003

21

22                      Hon. Carmac J. Carney
                  UNITED STATES DISTRICT JUDGE

23  Presented by:

                 RONALD S. ROSEN

24    Dated: November 13, 2003    JEFFREY ROSENFELD
                 TROY & GOULD

25                   Professional Corporation

26                   By:_____

27                     Jeffrey Rosenfeld
                 Attorneys for Plaintiff and Counterdefendant
                 Digital Theater Systems, Inc.

28

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1801 Century Park East, 16th Floor, Los Angeles, California 90067-2367.

On November 14, 2003, I served the foregoing document described as [PROPOSED] ORDER GRANTING DIGITAL THEATER SYSTEMS, INC.'S MOTION FOR SUMMARY JUDGMENT ON MINTEK DIGITAL INC.'S COUNTERCLAIM; FINDINGS OF UNDISPUTED FACTS; CONCLUSIONS OF LAW on all interested parties by placing true copies thereof enclosed in a sealed envelope addressed as follows:

> Rodney C. Lee, Esq.
> Ervin, Cohen & Jessup
> Ninth Floor
> 9401 Wilshire Boulevard
> Beverly Hills, CA 90212-2974

☒ **BY MAIL AS FOLLOWS:** I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** I delivered such envelope by hand to the offices of the addressee.

☐ **BY OVERNIGHT COURIER:** I caused the above-referenced document(s) to be delivered to  for delivery to the below address(es).

☐ **BY FACSIMILE MACHINE:** I caused the above-referenced document(s) to be transmitted to the below-named persons at the appropriate facsimile telephone numbers.

Executed on November 14, 2003, at Los Angeles, California.

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

| Alicia Sanchez | _alicia Sanchez_ |
|---|---|
| Print Name | Signature |

TROY &
GOULD
PROFESSIONAL
CORPORATION